UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DWIGHT COFER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 4:03CV01748 AGF |
| | ) | |
| JAMES PURKETT, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the petition of Missouri state prisoner Dwight

Cofer for a writ of habeas corpus filed on December 5, 2003, pursuant to 28 U.S.C.

§ 2254.[1]  By Memorandum and Order dated September 21, 2004, in the context of

granting Petitioner's application to file this action without payment of the filing fee and

denying his petition for a temporary restraining order and injunctive relief, the Court

dismissed several of Petitioner's claims as having no merit.  Doc. #7.

The Court subsequently issued an Order for Respondent to show cause why

habeas relief should not be granted on the remaining claims.  These claims involve the

November 14, 2003 hearing and revocation of Petitioner's parole.  Petitioner claims that

the October 31, 2003 notice of the hearing deprived him of due process because it did not

afford him enough time to prepare and did not specify the time of the hearing; that his

---

[1]    The parties have consented to the exercise of authority by the undersigned
United States Magistrate Judge under 28 U.S.C. § 636(c).

constitutional rights were violated when he was denied the opportunity at the hearing to cross-examine parole officers and SLCRC officials; that the hearing was not held within a reasonable time of when he was taken into custody on April 4, 2003; and that his failure to find employment was an invalid basis upon which to revoke his parole because this condition had been stricken from the October 9, 2002 parole release order.

Respondent responded to the show cause Order on November 5, 2004, arguing that the remaining claims should be dismissed without prejudice due to Plaintiff's failure to exhaust them in state court. Petitioner replied that the exhaustion requirement had been satisfied. In considering the parties' arguments, the Court noted a docket sheet entry in a post-conviction action filed by Petitioner in state court which indicated that at least as of January 31, 2005, Plaintiff was no longer in prison. The Court noted that this raised the question of whether Petitioner's present action was moot, under Spencer v. Kemna, 523 U.S. 1 (1998), in which the Supreme Court held that a state prisoner's federal habeas petition challenging the revocation of parole, and not the underlying conviction, was moot once the petitioner was released from prison. This Court granted the parties up to and including December 29, 2006, to show cause why this action should not be dismissed as moot.

Respondent has now submitted evidence that Petitioner was released on parole on April 13, 2004. Petitioner has also responded to the show cause order. He argues that that his petition is not moot because he "suffers serious actual injuries as a direct and proximate result" of the revocation of his parole, including having had to pay a $10.00

2

per-day fee after revocation of his parole until he was released on parole on April 13, 2004; and a delay of seven months in his final revocation hearing. These alleged injuries do not overcome the mootness doctrine. See Radtke v. Morrison, Civ. No. 06-1034 (MJD/RLE), 2006 WL3392779, at *3-4 (D. Minn. Oct. 31, 2006) (for purposes of determining whether a habeas case challenging the revocation of probation is moot, it does not matter that the petitioner may be subject to conditions of probation he objects to, and that he may still be returned to prison if he violates those conditions).

Petitioner also argues that he is challenging the validity of the underlying conviction of December 5, 1995, in that his guilty plea was not voluntary and knowing. A careful reading of his petition, however, as well as of his response (Doc. #15), and memorandum in support (Doc. #20), to the Court's first show cause order, reveals that he only challenged the November 14, 2003 revocation of his parole. Indeed, any federal habeas challenge to the 1995 conviction would almost certainly be barred by the one-year statute of limitations.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's federal habeas petition is **DENIED** as moot.

An appropriate Judgment shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE

Dated this 5th day of February, 2007.